## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TIMOTHY COOPER,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0585** (BOR Appeal No. 2046754)
                    (Claim No. 900041265)

**LOWES HOME CENTERS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timothy Cooper, appearing pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Lowes Home Centers, Inc., by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 13, 2012, in which the Board affirmed a December 13, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 19, 2011, decision denying Mr. Cooper's request for the medications Motrin and Ultram. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cooper worked as a loader for Lowes Home Centers, Inc. On April 25, 1989, he suffered an injury to his back while unloading a truck. The claim was held compensable and Mr. Cooper underwent a laminectomy. On January 20, 1990, Mr. Cooper suffered from back pain when getting out of bed. Mr. Cooper has been treated with Motrin and physical therapy. On April 15, 1999, Mr. Crowder, a physical therapist, noted that the pain in Mr. Cooper's left lower extremity had resolved since the laminectomy and that no symptoms had existed in the left lower extremity since 1992. Dr. Lowe noted in his reports dated December 28, 2004, and April 18, 2006, that he was treating Mr. Cooper with Motrin. Dr. Bailey concluded on September 13, 2010, that Mr. Cooper had reached maximum medical improvement some time ago and that his

1

current symptoms are likely a result of the normal aging process. On August 9, 2011, Dr. Lowe requested the medications Motrin and Ultram be authorized for the compensable injury and again on August 24, 2011, with an additional request that post laminectomy syndrome be added as a compensable diagnosis. The claims administrator denied Mr. Cooper's request for the medications Motrin and Ultram.

The Office of Judges affirmed the claims administrator's decision and held that more likely than not Mr. Cooper's need for Motrin and Ultram is not for the residuals of the January 19, 1990, compensable injury. Mr. Cooper disagrees and asserts that his back pain is continuous, and that he has nerve damage in his left leg. He further asserts that workers' compensation has been paying for his medication and doctor visits for the last twenty years. The Office of Judges did not discuss adding the post laminectomy syndrome as a compensable diagnosis because there was no evidence it had been addressed by the claims administrator.

The Office of Judges concluded that the requested medications were not related to the compensable injury. The Office of Judges relied on Dr. Bailey's report that determined the left side disc was surgically corrected, and that Mr. Cooper's current complaints were on the right side. Dr. Bailey opined that the right side symptoms were attributable to the normal aging process and that additional treatment was not required for the compensable injury. The Office of Judges held that Mr. Cooper had fully recovered from the compensable injury and that the current symptoms for the right side are unrelated to the compensable injury that occurred over twenty years ago. The Board of Review reached the same reasoned conclusions in its decision of April 13, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 17, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum